UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE, | : | |
|     Plaintiff | : | CIV. NO.: 3:04-cv-1197 (WWE) |
| | : | |
| v. | : | |
| | : | |
| CITY OF BRIDGEPORT, ET AL. | : | |
|     Defendants | : | |
| | : | June 1, 2005 |
| | : | |

### RULING ON DEFENDANTS' MOTION TO DISMISS

The plaintiff in this case, John Doe, filed a complaint in July 2004, alleging violations of his rights under 42 U.S.C. sections 1983, 1986, 1988, Conn. Gen. Stat. sections 25-19 and 142a(e) and Connecticut common law against the defendants, Town of West Hartford, Chief James Strillacci, Officer Brian Hill and Office "X" ("the West Hartford defendants"),[1] alleging, inter alia, that he had been falsely and maliciously arrested.  The defendants have filed a motion to dismiss all claims against them pursuant to Rule 12 (b) (6), Fed.R.Civ.P., for failure to state a claim on which relief can be granted.  The court will construe the defendants' 12(b)(6) motion

---

[1] The plaintiff has also brought suit against the City of Bridgeport and its various officials ("the Bridgeport defendants"), alleging the same misconduct.  These defendants are not parties to this Motion to Dismiss.

dismiss as a Rule 12 (c) motion for judgment on the pleadings.[2]  For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

## I. BACKGROUND

Consistent with the standard of review for a motion to dismiss, the Court considers all of the factual allegations to be true.

On July 18, 2001, the plaintiff was arrested pursuant to an alleged assault of an individual residing in Bridgeport, Connecticut.  He argues that this was an erroneous arrest because he was the victim of the assault, not the perpetrator. He was arrested by warrant issued by the Bridgeport Superior Court.  He then failed to appear for his arraignment and on December 6, 2001, another warrant was issued for his arrest.

On January 29, 2002, the plaintiff was contacted by the West Hartford Police Department and two officers arrived at his home.  They explained that they were in possession of a warrant for his arrest and took the plaintiff into custody.  The plaintiff argued that the arrest warrant had been issued erroneously and that it had been vacated several days earlier.  He was taken to the West Hartford Police Department Headquarters, was booked and processed pursuant to the warrant, and then turned over to the custody of the Bridgeport police.  The remaining factual background is related to the Bridgeport defendants and is not a subject of this motion.

---

[2]Rule 12 (c) provides, in relevant part: "After the pleadings are closed but within such time as to not delay the trial, any party may move for judgment on the pleadings."  The defendants designated their motion as a motion to dismiss; however, they asserted this claim after they had filed an answer to the complaint.  "However, even though the 12(b)(6) motion is asserted through the procedural device of a 12 (c) motion, the standards employed in determining the motion will be the same as if the defense had been raised prior to the closing of the pleadings." LoSacco v. City of Middletown, 745 F.Supp. 812, 814 (D.Conn. 1990).

## II.  STANDARD OF REVIEW

The function of a motion to dismiss is "merely to assess the legal feasability of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## III. DISCUSSION

The plaintiff claims that the warrant for his arrest is invalid because it had been vacated four days earlier, on January 25, 2002.  He alleges that he told the defendants of this and, further, asked them to verify his claims before making any arrest.  The defendants ignored his entreaties and, relying on a warrant that they claim was "facially valid," placed him under arrest. The Court agrees with the defendants and will dismiss the plaintiff's claim that the warrant for his arrest was invalid.  Thus, the Court will dismiss Counts One and Two of the plaintiff's complaint inasmuch as they implicate the West Hartford defendants.

The Court's dismissal of the plaintiff's claims relies on the facts that the police officers were not involved with the issuance of the warrant, were only responsible for its execution, and were entitled to rely upon its validity.   The plaintiff alleges that the warrant had been cancelled on January 25, 2002 and argues that the defendants should have known or otherwise learned that it had been rescinded.  However, it is not the duty of the officer to determine facts beyond the

facial validity of the warrant.  The plaintiff does not dispute that the warrant had been issued by the Bridgeport Superior Court and the West Hartford defendants' role was merely the execution of same.  "The arresting officer need not inquire into the merits of a facially valid arrest warrant before execution.  Indeed, once probable cause has been established by a judicial officer and an arrest warrant has been issued, the warrant compels arrest and a law enforcement officer ignores this command at his peril."  Dirienzo v. United States, 690 F.Supp. 1149, 1154 n 4 (D.Conn. 1988).  See also Benjamin v. United States, 554 F.Supp. 82, 86 (E.D.N.Y. 1982) ("Under the Federal Rules of Criminal Procedure, once probable cause has been established by a judicial officer, and an arrest warrant issued, the warrant *shall* be executed by the arrest of the defendant.").  As the United States Supreme Court instructs:  "Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim."  Baker v. McCollan, 443 U.S. 137, 145-146 (1979).  Thus, it was not incumbent upon the West Hartford defendants to explore beyond the facial perimeter of the warrant.  Indeed, the officers had no choice but to fulfill their duty and execute the facially valid warrant and take the plaintiff into custody.  Accordingly, this Court will grant the West Hartford defendants' motion to dismiss Counts One and Two of the plaintiff's complaint.

     As to the remaining counts of the plaintiff's complaint, the Court will deny the defendants' motion to dismiss as the claims contained therein are more appropriately decided in a motion for summary judgment.

## IV. CONCLUSION

Defendants Town of West Hartford, Chief James Strillacci, Officer Brian Hill and Officer "X"'s Motion to Dismiss [Doc. # 55] is GRANTED as to Counts One and Two and DENIED as to Counts Seven through Thirty-One.

**SO ORDERED** this ___ day of June, 2005 at Bridgeport, Connecticut.

                                                      _____
                                                     Warren W. Eginton
                                                     Senior United States District Judge