UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  | : |  |
|---|---|---|
| JOHN DOE | : | |
| | : | |
| V. | : | CIV. NO. 3:04CV01197 (WWE) |
| | : | |
| CITY OF BRIDGEPORT, ET AL. | : | |
| | : | |
| | : | |
| | : | |

RULING ON DISCOVERY MOTIONS

I.  INTRODUCTION

In this civil action, plaintiff, a lawyer, was granted permission to sue anonymously over civil rights violations he allegedly suffered in the course of his arrest on July 18, 2001, in Bridgeport, Conn., and subsequent prosecution.

On June 23, 2005, the Court heard oral argument on several pending motions.  Defendant Town of West Hartford's Motion to Stay Discovery, filed on October 29, 2004 **[doc. #66]**, is **granted** until Judge Eginton decides plaintiff's pending Motion for Reconsideration.  Defendant City of Bridgeport's Motion for Protective Order on February 23, 2005 **[doc. #72]**, is **denied** as moot.  Finally, for the following reasons, plaintiff's two Motions for Protective Orders, filed on March 3, 2005 **[docs. #72 and 75]**, are **denied.**

In his first Motion **[doc. #74]**, plaintiff asks the court to find Defendants' Schedule "A" document requests improper pursuant to Fed. R. Civ. P. 26(c).  Plaintiff argues that Schedule "A" is

1

unduly burdensome because it concerns issues unrelated to the merits of the case, and it requires plaintiff to divulge a large volume of information involving non-parties that could compromise his John Doe status.  In particular, plaintiff objects to disclosing documents concerning his "professional discipline."

In his second Motion **[doc. #74]**, plaintiff asks the Court to allow any producing party in this case to designate any discovery material confidential, including "documents containing confidential statutorily erased records and/or proprietary personal, financial and medical records," pursuant to Fed. R. Civ. P. 26(c)(7).  [doc. #74].

In response, defendants argue that plaintiff has failed to show good cause for requesting a "blanket" confidentiality order.  Furthermore, defendants assert that they have consistently redacted plaintiff's name from all discovery documents, and that the information they request in Schedule "A" is relevant to the allegations in the Complaint.

II.  Plaintiff's Motion for Protective Order #1, dated March 3,
     2005 [doc. #74]

Plaintiff objects to defendant City of Bridgeport's request that he produce a set of documents [Schedule "A"] and asks the

court to shield these documents from public disclosure.[1]

Schedule "A" requests:

1. Any and all transcripts for the criminal matters alleged in your Complaint.
2. Tax returns for the years 2000 to 2003.
3. Any and all bills, notes, correspondence, receipts, bank drafts or other documents concerning any costs or expenses claimed as a result of the allegations in your Complaint.
4. Any and all notes, analysis, summons, correspondence, calculations with supporting documentation or other documents concerning the claims for lost earnings and damage to reputation or loss of earning potential.
5. Any and all newspaper articles or material published to the general public concerning any of the allegations in the Complaint.
6. Any and all medical bills or receipts for any medical care alleged as the result of the allegations in the Complaint.
7. Any and all bills for the services of a psychiatrist, psychologist or other mental health therapist or professional as a result of the allegations in your Complaint.
8. Any and all documents filed in the Superior Court concerning your defenses to the criminal action.
9. Any and all notes, tickets, reservations, confirmations or other travel confirmations concerning the 7-day vacation noted in paragraphs 25, 30 and 66.
10. Any and all documentation concerning the $500.00 Plaintiff gave to Thompson on July 17, 2001.
11. Any photographs of Plaintiff's injuries as alleged in the Complaint.
12. Copies of any and all documents, bank records, letters, receipts, checks, money orders or other notes or correspondence regarding the $5000.00 in financial aid to Nicole Thompson.
13. A copy of the Appellate Court's opinion referred to.
14. Any and all letters, correspondence or documents written by the Plaintiff to the Bridgeport Police Department or a specific officer from July 17, 2001, to January 30, 2004.
15. Please provide a curriculum vitae.
16. Please provide copies of any economic analysis completed by you or an expert regarding your claim for damages.
17. Please provide copies of any and all expert reports.

Federal Rule 26(b)(1) of the Federal Rules of Civil

---

[1]Of the seventeen documents requested, Plaintiff has only provided a copy of the Appellate Court opinion referred to in his complaint [Schedule "A", #13].

Procedure provides that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party..." Fed. R. Civ. P. 26(b)(1).  Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears calculated to lead to the discovery of admissible evidence." Id.  However, a party can seek a protective order from a court, asking it "to protect a party from embarrassment, oppression, or undue burden or expense..." Fed. R. Civ. P. 26(c).

In this case, all of the documents in Schedule "A" are relevant to the allegations alleged in the Complaint, the extent of plaintiff's claimed damages, and the credibility of potential witnesses.[2]  Furthermore, plaintiff has failed to show why the requests are unduly burdensome.

Of course, the District Court's granting of anonymity to the plaintiff suggests its strong concern for his privacy.  In determining that a plaintiff can adopt a pseudonym, a court must find that he "has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Javier H. v. Garcia-Botello, 211 F.R.D. 194, 196 (W.D.N.Y. Nov. 7, 2002).  However, this

---

[2]At the request of defendants, the Superior Court of the State of Connecticut unsealed plaintiff's erased police and court records, and records of any state's attorney. [Defs.'s Mot. for Disclosure of Erased Records, Sept. 20, 2004].  However, at oral argument, it was disclosed that these documents have not yet been located, and that plaintiff has the only available copy.

4

protection cannot absolutely shield a plaintiff from disclosing information that he would prefer to keep secret.

Plaintiff has failed to show why disclosing redacted documents would cause him particular harm.  In light of defendants' representation at oral argument that they will continue to redact identifying information, and that they do not contemplate broad public disclosure of information, the plaintiff's concerns about his anonymity have been sufficiently addressed.  If circumstances do arise that appear to potentially jeopardize his status, then plaintiff may file an appropriate motion for relief.

Therefore, the court denies plaintiff's Motion for Protective Order.  Plaintiff should produce the documents requested under Schedule "A" within ten (10) days of the docketing of this ruling, along with a list indicating, <u>for each document request</u>, whether any responsive documents remain outstanding.

### III. <u>Plaintiff's Motion for Protective Order #2, dated March 3,</u> <u>2005 [doc. #75]</u>

In his Motion for Protective Order **[doc. #75]**, plaintiff seeks to shield his "nonpublic, confidential, proprietary, or commercially sensitive information" from public disclosure.

In support of his comprehensive request, plaintiff cites

Federal Rule 26(c)(7) of the Federal Rules of Civil Procedure, which provides that the court may enter an order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."  Fed. R. Civ. P. 26(c)(7).

Plaintiff argues in his Motion that disclosing the requested information would damage his "competitive position" as a legal professional, citing Gelb v. Am. Tel. & Tel. Co., 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting protective order to telecommunications company in light of potential for commercially damaging exploitation of documents).  Plaintiff also contends that this disclosure would force him to invade the privacy rights of non-party employees.  He cites a case from this district in which the court suggested that privacy interests in discovery requests may require extra protection, Petz v. Ethan Allen, Inc., 113 F.R.D. 494, 497 (D.Conn. 1985).

Plaintiff did not pursue this theory at the hearing.  In any event, his reasoning is unavailing.  Defendants have not requested commercially sensitive data or information about plaintiff's clients.  Furthermore, not only are the cited cases factually dissimilar from this situation, but also, as the moving party, plaintiff has failed to satisfy the burden of showing good cause for the issuance of a protective order. See Uniroyal Chem. Co., Inc. v. Syngenta Crop Protection, 224 F.R.D. 53 (D.Conn. July 21, 2004); In re Agent Orange Prod. Liab. Litig., 821 F.2d

139, 145 (2d Cir. 1987).

IV.   <u>Conclusion</u>

For the reasons discussed above, defendant's Motion to Stay Discovery **[doc. #66]** is **granted** pending the decision of Judge Eginton, defendant's Motion for Protective Order **[doc. #72]** is **denied** as moot, and plaintiff's Motions for Protective Orders **[docs. #74 and 75]** are **denied.**

This is not a recommended ruling.  This is a discovery ruling which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 17th day of August 2005.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE